# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC STEWART, | : | No. 3:18cv170 |
|     Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| TRAVELERS INSURANCE | : | |
| COMPANY, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant Travelers Insurance Company's (hereinafter "defendant" or "Travelers") motion to dismiss plaintiff's complaint in this cause of action involving an insurance dispute. The parties have briefed their respective positions, and the matter is ripe for disposition.

## **Background**

Defendant issued plaintiff a homeowner's insurance policy which was in effect at the relevant time. (Doc. 1, Compl. ¶ 8). The policy covered personal liability damages caused by occurrences on the covered property. (Id. ¶ 9).

On October 9, 2017, while on the covered property, plaintiff used an excavator to dig out a delivery truck which had gotten stuck in the mud. (Id. ¶ 11). In the process of attempting to extricate the truck, plaintiff struck and pulled down multiple utility lines/poles owned by Pike County Light and Power. (Id.)

Plaintiff made a claim for benefits under his homeowner's policy seeking defense and indemnification regarding the loss, i.e., that damage to the lines and poles. (Id. ¶ 12). Defendant refused to provide the benefits. (Id. ¶ 14). The instant lawsuit followed.

Plaintiff's complaint raises the following five (5) counts: Count I- Declaratory Judgment; Count II-Bad Faith; Count III-Breach of Contract; Count IV- Unjust Enrichment; and Count V- Breach of Fiduciary Duty. The plaintiff seeks, *inter alia*, declaratory judgment, compensatory damages and punitive damages. (Id. Section IV "Claim for Relief"). Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

Plaintiff is a citizen of Pennsylvania and the defendant is a citizen of Connecticut. (Doc. 1, Compl. ¶¶ 4-5). The amount in controversy is in excess of $75,000.00. (Id. ¶ 6). Thus, we have jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332.

**Legal standard**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-

pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard

3

which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

**Discussion**

Defendant has moved to dismiss all of the counts in the plaintiff's complaint. We will address them in turn, beginning with Count 1.

**1. Count 1 – Declaratory Judgment**

Count 1 of plaintiff's complaint seeks a declaratory judgment that the subject incident is a covered loss under the homeowner's policy of insurance and that plaintiff is thus entitled to insurance benefits. (Doc. 1, Compl. ¶¶ 15-20).

Defendant moves for dismissal of the declaratory judgment cause of action. Its position is that the complaint fails to plead that plaintiff has an interest which is sufficiently direct and substantial to grant him standing.

The Supreme Court has explained that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976). Three elements comprise the "irreducible constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff must first "have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (citations and quotation marks omitted). Second, the injury must be causally connected to the conduct of which the plaintiff complains. Id. Finally, it must be likely, and not merely speculative, that a favorable decision will redress the injury. Id. at 561.

The complaint alleges that the policy provided coverage for personal liability damages that the plaintiff incurred due to an occurrence on the covered

5

property. The complaint proceeds to state that plaintiff made a claim under the policy in relation to the utility lines incident and the defendant's improperly denied the claim. According to the defendant, the complaint does not allege that any third-party made a claim to the plaintiff for damages due to the incident. As such, Travelers avers that plaintiff has no standing to pursue his claims. We disagree with the defendant.

The complaint indicates the policy covers personal liability damages due to plaintiff for occurrences on the covered property. Because he asserts that Travelers acted inappropriately by denying his claim, he must also be asserting personal liability damages, i.e., that someone made a claim against him. It can be inferred that this claim was made by the power company whose utility lines/poles he damaged.[1] Although plaintiff does not address this in Count I directly, under Count III, he avers that due to the defendant's actions, he "has not been able to compensate Pike County Lighting and Power for its covered losses." (Doc. 1, Compl. ¶ 30). We thus find that the facts as set forth in the complaint are sufficient to indicate that a third-party claim had been made against the plaintiff. It is evident from the complaint that plaintiff damaged the lines/poles on the property, and the power company informed him that he was

---

[1] This inference is made even more apparent in the plaintiff's opposition to the motion to dismiss, where he indicates that Pike County Light & Power informed him that he was responsible for the monetary damage caused due to the incident. (Doc. 8, Pl. Opp. Br. at 2).

6

responsible for the damage. Plaintiff then sought benefits under his insurance policy to cover the amount that he would have to pay for the damage. The defendant's motion on this count will be denied.

**2. Count 2 – Bad Faith**

Count 2 of plaintiff's complaint asserts of cause of action for bad faith. Plaintiff asserts that in refusing to pay insurance benefits, defendant knowingly or recklessly disregarded its lack of reasonable basis for such refusal. (Doc. 1, Compl. ¶ 23).

Defendant moves to dismiss this count because plaintiff does not allege that a third party has made a claim against him for which he is seeking defense and indemnification. Thus, the denial of the claim by Travelers cannot be deemed to be bad faith. We rejected this argument with regard to Count 1, and for the same reasons we reject it here.

Defendant also argues that plaintiff's disagreement with defendant's coverage analysis does not amount to bad faith. We disagree.

Plaintiff's bad faith cause of action is based upon 42 Pa. C. S. § 8371 (hereinafter "section 8371"). Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages

against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." 42 PA. CONS. STAT. § 8371. Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer: "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." Perkins v. State Farm Ins. Co.*,* 589 F. Supp. 2d 559, 562 (M.D.Pa. 2008) (citing Terletsky v. Prudential Property & Casualty Ins. Co.*,* 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed.1990)) (citations omitted); see also Northwestern Mut. Life Ins. Co. v. Babayan*,* 430 F.3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky*)*).

    The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly

disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997) (citing Terletsky, 649 A.2d at 688).

Here, the plaintiff alleges that the "[d]efendant's refusal to provide insurance coverage to Plaintiff is without reasonable basis in fact and/or law. . .In refusing to pay insurance benefits to Plaintiff, Defendant knowingly or recklessly disregarded its lack of reasonable basis for such refusal." (Doc. 1, Compl. ¶¶ 22-23). Although the factual detail here may not be great, we find that it is sufficient when the complaint is viewed as a whole to support the bad faith cause of action. This conclusion is especially apt because we are dealing with a motion to dismiss stage before any discovery has been done. This issue may be more fully addressed at the summary judgment stage if the defendant finds that insufficient evidence supports the claim at that point. Accordingly, we will deny the defendant's motion on the bad faith claim.

**3. Count 3- Breach of Contract**

Count 3 of plaintiff's complaint asserts a breach of contract cause of action. Plaintiff asserts that defendant's refusal to pay insurance benefits is a breach of the insurance contract. (Doc. 1, Compl. ¶ 28). Defendant moves to dismiss this count.

Under Pennsylvania law, the elements of a breach of contract cause of action are: "1) the existence of a contract, including its essential terms; 2) a

9

breach of a duty imposed by the contract; and 3) resultant damages." Pittsburgh Const. Co. v. Griffith, 834 A.2d 572, 580 (Pa. Super. Ct. 2003). Defendant argues that plaintiff does not aver that a third party has made a claim against him. Accordingly, he is unable to establish that defendant violated the insurance policy or that he suffered damages.

As we discussed above, in section 1, however, plaintiff's complaint makes it sufficiently clear that a third-party claim has been made. Accordingly, the defendant's argument is unconvincing and plaintiff's Count 3- Breach of Contract claim will not be dismissed.

**4. Count 4 – Unjust Enrichment**

Count 4 of plaintiff's complaint asserts a cause of action for unjust enrichment. This count avers that defendant was unjustly enriched because it collected and retained insurance premiums and then refused to indemnify plaintiff for covered losses. (Doc. 1, Compl. ¶¶ 31-37). Plaintiff concedes that this count should be dismissed. (Doc. 8, Pl. Opp. Br. at 1). Accordingly, Count 4- Unjust Enrichment will be dismissed from the case.

**5. Count 5 – Breach of Fiduciary Duty**

Plaintiff asserts in Count 5 of the complaint that defendant owed him a fiduciary duty because of its status as an insurer within the terms and conditions of the insurance contract. Defendant's refusal to pay a covered loss is a breach

of its fiduciary duty according to the Count 5 of plaintiff's complaint. (Doc. 1, Compl. ¶¶ 38-40). Defendant moves to dismiss Count 5 on the basis that any breach of fiduciary claim is subsumed within the breach of contract claim. The plaintiff does not oppose dismissal of Count 5. (Doc. 8, Pl. Opp. Br. at 1). Accordingly, this count will be dismissed.

**6. Count 6**

The final portion of the complaint, which the defendant refers to as Count 6, is actually plaintiff's claim for relief where he seeks, *inter alia*, declaratory judgment, compensatory damages, interest, punitive damages, court costs, and attorney fees. This section of the complaint, however, does not assert which of these damages are sought under each separate count. Defendant asks that plaintiff itemize which type(s) of damages he seeks below each individual count. Plaintiff argues that this section of the complaint is his *ad damnum* clause, and no federal rule requires a separate *ad damnum* clause under each count. We agree with the plaintiff, and the defendant has cited no law which would require separate damages clauses under each count. Accordingly, this portion of the motion to dismiss will be denied.

**Conclusion**

For the aforementioned reasons, the defendant's motion to dismiss will be granted in part and denied in part. It will be granted with regard to Counts 4 and

11

5, these counts will be dismissed from the complaint.  It will be denied in all other respects.  An appropriate order follows.

**Date:  Sept. 20, 2018**                                             **BY THE COURT:**

                                                                                **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**